# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 1109011777 |
| | ) | |
| ANTHONY GORDON, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: July 19, 2019
Date Decided: September 12, 2019

## ORDER

Upon consideration of Defendant's *pro se* "Motion for Newly Discovered Evidence;"[1] the facts and arguments in Defendant's Motion; statutory and decisional law; and the record in this case, **IT APPEARS THAT:**

1.      On January 24, 2013, a jury found Defendant guilty of two counts of Rape Second Degree and one count of Rape Fourth Degree for acts that occurred when the victim was less than 16 years old.[2]  At trial, the State introduced DNA evidence.  The State's DNA expert testified that "DNA testing established a greater than 99.9998 percent probability that Defendant was the father of the victim's child."[3]  On April 12, 2013, Defendant was sentenced to an excess of 20 years of unsuspended time at Level V.[4]

---

[1] D.I. 136.
[2] D.I. 33.
[3] *State v. Gordon*, 2016 WL 5853591, at *1 (Del. Super. Sept. 8, 2016).
[4] D.I. 43.

2. In the instant Motion, Defendant requests a new trial pursuant to Superior Court Criminal Rule 33 on the basis of newly discovered evidence.[5] The allegedly newly discovered evidence consists of a recent National Institute of Standards and Technology study regarding DNA testing ("NIST Study") and *Mills v. Barnard*,[6] a 2017 case from the United States Court of Appeals for the Sixth Circuit.[7]

3. Under Rule 33, a motion for new trial based on newly discovered evidence must be brought within 2 years of final judgment. The Delaware Supreme Court affirmed the judgment of conviction in this case more than 5 years ago.[8] Defendant's request for a new trial pursuant to Rule 33 is, therefore, **DENIED**.

4. More than 2 years after the judgment of conviction is final, the appropriate mechanism to seek a new trial based on newly discovered evidence is a motion for postconviction relief filed under Superior Court Criminal Rule 61.[9] Assuming *arguendo* Defendant sought relief under Rule 61, the Motion is procedurally barred.

---

[5] D.I. 136.
[6] 869 F.3d 473 (6th Cir. 2017).
[7] D.I. 136.
[8] *Gordon v. State*, 2013 WL 6569705 (Del. Dec. 11, 2013).
[9] Super. Ct. Crim. R. 61(a) ("This rule governs the procedure on an application . . . to set aside the judgment of conviction.").

2

5. Defendant previously filed a motion for postconviction relief pursuant to Rule 61.[10] The Court denied that motion.[11] Pursuant to Rule 61(d)(2), a second or subsequent motion "shall be summarily dismissed, unless the movant was convicted after a trial and the motion" pleads with particularity either: (1) "that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted," or (2) "that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction . . . invalid."[12]

6. On the subject of new evidence of actual innocence, Defendant principally relies upon allegations that the DNA report produced in his case "mistakenly or intentionally mischara[c]terized the DNA evidence."[13] Defendant has asserted his mistaken belief that the DNA evidence in his case is exculpatory many times.[14]

7. The DNA evidence in Defendant's case was introduced *at trial*, where it showed a greater than "99.9998 percent probability that Defendant was the father

---

[10] D.I. 101.

[11] D.I. 123; *see also Gordon*, 2016 WL 5853591.

[12] Super. Ct. Crim. R. 61(d)(2).

[13] D.I. 136.

[14] *See, e.g.*, D.I. 49, 71–75, 79–81, 101, 134.

3

of the victim's child."[15] Moreover, the DNA expert was subject to cross-examination, and defense counsel elicited testimony making clear the limitations of the DNA evidence.[16] Thus, the DNA evidence is not new and does not support an inference that he is innocent in fact. Therefore, Defendant's arguments related to the DNA evidence produced at trial do not satisfy the stringent pleading requirements of Rule 61(d)(2)(i).

8. In an effort to satisfy the pleading requirements of Rule 61(d)(2)(i), Defendant points to the NIST Study as new evidence, not available at trial. The NIST Study is an interlaboratory study involving DNA mixture interpretation.[17] It does not concern the Office of the Chief Medical Examiner ("OCME") or the DNA testing performed in this case.[18] Defendant's argument that the NIST Study calls into question the DNA testing performed by the OCME in this case is belied by the Andrews International Report (a review of the OCME) that Defendant submitted in support of his Amended Motion for Postconviction Relief.[19] Therefore, for whatever

---

[15] *State v. Gordon*, 2016 WL 5853591, at *1 (Del. Super. Sept. 8, 2016); *see also Gordon v. State*, 2013 WL 6569705, at *2 (Del. Dec. 11, 2013).

[16] *Gordon*, 2016 WL 5853591, at *1.

[17] James M. Butler, et al., *NIST interlaboratory studies involving DNA mixtures (MIX05 and MIX 13): Variation observed and lessons learned* (2018).

[18] *Id.* at 93 (explaining "that variation observed in DNA mixture interpretation cannot support any broad claims about 'poor performance' across all laboratories involving all DNA mixtures examined in the past.").

[19] D.I. 101, Ex. H. In his Report and Recommendation which the Court affirmed, the Commissioner noted that the Andrews Report gave "stellar reviews to the OCME unit which performed Defendant's DNA testing" and nothing in the Andrews Report called "into question the findings produced by the OCME DNA Unit." D.I. 112, at 3–4.

4

purpose the NIST Study may have been used at trial, it does not establish a strong inference that Defendant is actually innocent and does not satisfy the stringent pleading requirements of Rule 61(d)(2)(i).

9. Finally, in support of his conclusion that his request is not procedurally barred, Defendant cites *Mills v. Barnard*.[20] *Mills* is a 42 U.S.C. § 1983 civil case from the United States Court of Appeals for the Sixth Circuit arising from the reversal of Mills' criminal convictions. New DNA testing performed post-trial excluded Mills as a contributor to the DNA samples tested and "called into question the critical testimony of [the victim] at trial."[21]

10. Although Defendant does not identify which subsection of Rule 61(d)(2) *Mills* purports to satisfy, a case from another jurisdiction, involving another defendant, with different DNA testing does not constitute new evidence that *Defendant* is "actually innocent in fact of the acts underlying the charges of which *he* was convicted."[22] Therefore, Defendant has not satisfied the stringent pleading requirements of Rule 61(d)(2)(i).

11. Furthermore, *Mills* is not a case issued by the United State Supreme \Court or the Delaware Supreme Court establishing "a new rule of constitutional law, made retroactive to cases on collateral review . . . [that] applies to the movant's

---

[20] 869 F.3d 473 (6th Cir. 2017).
[21] *Id.* at 479 (citing *Mills v. State*, 2013 WL 6069276, at *26 (Tenn. Crim. App. Nov. 19, 2013)).
[22] Super. Ct. Crim. R. 61(d)(2)(i) (emphasis added).

5

case."[23] Therefore, Defendant has not satisfied the stringent pleading requirements of Rule 61(d)(2)(ii).

11. For the foregoing reasons, to the extent that Defendant asserts a claim under Rule 61 it is barred by Rule 61(d)(2) and is, therefore, **SUMMARILY DISMISSED.**

**IT IS SO ORDERED.**

Jan R. Jurden, President Judge

Original to Prothonotary
cc:   Anthony Gordon (SBI# 211789)
      Abigail R. Layton, Esq., DAG

---

[23] *Id.* 61(d)(2)(ii).